UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
03 MAY 13 PM 3:52

| | | |
|---|---|---|
| SHERRI M. POOLE, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Civil Action No. CV-03-S-0330-S |
| WASHINGTON MUTUAL HOME LOANS, INC., et al., | ) | |
| Defendants. | ) | |

**ENTERED**
MAY 13 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

MEMORANDUM OPINION

Plaintiff, Sherri M. Poole, purchased the house and real estate located at 2711 Mulberry Place in Birmingham, Alabama on November 28, 2001, intending to use the property as her personal residence.[1] She funded the transaction with the proceeds of a purchase money mortgage procured with the assistance of a United States Department of Housing and Urban Development (HUD) loan correspondent company known as the Congressional Mortgage Corporation, Inc. ("CMC").[2] The mortgage was funded by, and immediately assigned to, defendant DuPont Mortgage Group, Inc. ("DuPont"), a Florida corporation that is qualified to conduct business in the State of Alabama.[3] DuPont's successor in interest is defendant Jupiter Mortgage Corporation ("Jupiter"),[4] which also is a Florida corporation that conducts business in Tampa, Florida, under the name Synergy Mortgage Solutions, Inc. ("Synergy").[5] Synergy and Jupiter are nevertheless referred to by the parties as separate entities, and both are named as defendants to this action. Those two defendants filed a

---

[1] Complaint ¶¶ 14, 22.
[2] Id. ¶ 14.
[3] Id. ¶¶ 3, 14.
[4] Id. ¶ 44.
[5] Motion to dismiss ¶ 5.

motion to dismiss all of plaintiff's claims against them on April 14, 2003 (doc. no. 10). Plaintiff filed a response on April 23, 2003 (doc. no. 12), as directed by the order entered on April 15, 2003 (doc. no. 11).

## I. DISMISSAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain only a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P. 8(a)(2)[6]). Consequently, a complaint should not be dismissed for failing to state a claim upon which relief can be granted, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[7] When ruling upon a Rule 12(b)(6) motion, the court

---

[6] Federal Rule of Civil Procedure 8(a)(2) provides: "A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *See also Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997), stating:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. . . .

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[7] *See also, e.g., Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint); *Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001) (en banc) (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102); *Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992) ("A complaint may not be dismissed unless the plaintiff can prove no set of facts which would entitle him to relief."); *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988) ("[T]he 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief.'") (quoting *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102; *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986) (same).

must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)). Even so,

> the complaint must state a cause of action sufficient to affirmatively show the plaintiff is entitled to relief, for
>
>> [i]t is not enough, to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

*Fullman v. Graddick*, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 8.13, at 8-118 (2d ed. 1984)).

Here, however, the court has more than pleadings for consideration. Both parties have filed briefs, with exhibits attached thereto. If matters outside the pleadings are presented to and considered by the court when ruling upon a Rule 12(b)(6) motion to dismiss, "the motion shall be

treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b); *see also, e.g., Arnold v. United States Postal Service*, 649 F. Supp. 676, 678 (D. D.C. 1986) (Richey, J.). This allows the court's inquiry to be fact specific and allows the nonmovant to demonstrate the existence of any genuine issues of material fact.

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

Upon consideration of the motion to dismiss, construed as a motion for summary judgment, and plaintiff's response thereto, this court is of the opinion that the motion should be granted in part and denied in part.

## II. DISCUSSION

### A. Whether Synergy and Jupiter Have Sufficient "Minimum Contacts" with Alabama

Synergy and Jupiter contend that they "lack sufficient 'minimum contacts' with Alabama [to] justify jurisdiction of this purported claim in Alabama."[8] That contention is meritless. The complaint alleges that this court has personal jurisdiction over Synergy and Jupiter "pursuant to the Alabama Long [Arm] Statute as the result of the continual and systemic business dealings in which these Defendants engaged within the [S]tate of Alabama."[9] Further, plaintiff submits several mortgage assignment documents that Synergy and Jupiter filed in the Probate Records of Jefferson County, Alabama, as proof that each entity recently conducted business transactions in this state.[10] Such business activity constitutes sufficient "minimum contacts" to bring Synergy and Jupiter within the ambit of Alabama's Long Arm Statute and, thus, this action is not due to be dismissed for lack of personal jurisdiction. *See* Ala. R. Civ. P. 4.2(a)(2) ("A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's . . . transacting any business in this state.").

### B. Whether Plaintiff Failed to Allege Venue

Synergy and Jupiter claim that "[p]laintiff[,] in violation of Federal Rule of Civil Procedure 12(b)(3)[,] has failed to properly allege venue on its alleged claims against [Synergy and Jupiter]."[11]

---

[8] Motion to dismiss ¶ 1.
[9] Complaint ¶ 12.
[10] Plaintiff's opposition to the motion to dismiss, at Exhibit 1 (mortgage assignment documents).
[11] Motion to dismiss ¶ 2.

This argument also lacks merit. The complaint alleges that "[v]enue is proper in this court in that the Plaintiff and three (3) Defendants reside in this district; the real property made the basis of this action is situated in this district; and, a significant percentage of the wrongdoing alleged herein occurred within this district."[12]

### C.     Whether Plaintiff Has Sufficiently Pleaded the Capacity of the Parties to Be Sued

Synergy and Jupiter assert they should be dismissed because "[p]laintiff has failed to allege the capacity of the parties to sue and be sued, which is a violation of Federal Rule of Civil Procedure 9(a)."[13] This argument also is unavailing. Rule 9(a) provides, in pertinent part, that "[i]t is not necessary to aver the capacity of a party to sue or be sued . . . except to the extent required to show the jurisdiction of this court." Fed. R. Civ. P. 9(a). Here, this court's jurisdiction is based on the existence of a federal question — *i.e.*, the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq. See* 28 U.S.C. § 1331.

### D.     Whether Plaintiff Adequately Pleaded "Conditions Precedent"

Synergy and Jupiter claim that "[p]laintiff has failed to allege that all conditions precedent have been performed or have occurred, which is a violation of Federal Rule of Civil Procedure 9(c)."[14] In whole cloth, Rule 9(c) provides that, "[i]n pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity." Fed. R. Civ. P. 9(c). Plaintiff responds to defendants' one-sentence argument on this issue as follows:

---

[12] Complaint ¶ 13.
[13] Motion to dismiss ¶ 3.
[14] *Id.* ¶ 4.

> In paragraph 4 of their motion, Synergy and Jupiter argue that the complaint somehow violates Rule 9(c) [of the] Federal Rules of Civil Procedure. However, the allegations within Plaintiff's complaint are not contingent on the failure or performance of any condition precedent and the Defendants' motion fails to explain with specificity what conditions precendents [sic] were not sufficiently pled. Their failure to do so clearly falls short of the requirements of Rule 9(c) and reinforces Plaintiff's contention that this fabricated defense is interposed for the sole purpose of delay, is without merit and is vexatious.[15]

The court agrees. Synergy and Jupiter are not due to be dismissed due to a pleading deficiency under Rule 9(c).

### E.  Whether Plaintiff Pleaded Her Fraud Claim With Sufficient Particularity

Synergy and Jupiter assert that Count I of the complaint, alleging a claim for fraud, was not pleaded with particularity, as required by Federal Rule of Civil Procedure 9(b), and, as such, is due to be dismissed.

Federal Rule of Civil Procedure 9(b) provides that, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." "The purpose of Rule 9(b) is to provide fair notice of the alleged fraud to the opposing party." *Buckmasters, Ltd. v. Action Archery, Inc.*, 915 F. Supp. 1188, 1194 (M.D. Ala. 1996) (citation omitted). The rule also "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1370-71 (11th Cir. 1997) (internal quotation marks and citations omitted). Rule 9(b) is satisfied when the pleading party pays proper attention to the four "W's" — who, what, when, where — that is, she specifically alleges:

---

[15] Plaintiff's opposition to motion to dismiss ¶ 6.

(1)  precisely what statements were made in what documents or oral representations[,] or what omissions were made, and

(2)  the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and

(3)  the content of such statements and the manner in which they misled the plaintiff, and

(4)  what the defendants obtained as a consequence of the fraud.

*Brooks,* 116 F.3d at 1371 (internal quotation marks and citations omitted). Here, plaintiff has not met these criteria — *e.g.*, she has not identified *precisely* what statements were made, by whom they were uttered or written, the time and place they were uttered or written, etc.

Nevertheless, the court declines the invitation to dismiss plaintiff's fraud claim and, instead, construes this argument as a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). *See Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (observing that, "although a court may dismiss a claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so").

### F.    Statute of Limitations

The complaint asserts several state-law claims and Count VII appears to state a homogenized federal claim based on two statutes: the Truth in Lending Act of 1968, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 *et seq.* ("RESPA"). Both provide a one-year statute of limitations for the assertion of any claims under their provisions — *i.e.*, "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); 12 U.S.C. § 2614 (providing a one-year statute

of limitations for violation of sections 2607 or 2608 of that title). The events giving rise to this action occurred on November 28, 2001, and plaintiff filed this action on March 18, 2003.[16] Thus, she did not bring suit within the applicable statutes of limitation. Plaintiff admits as much in her brief in opposition to the motion to dismiss.[17] Accordingly, Count VII of the complaint is due to be dismissed as to defendants Synergy and Jupiter.[18]

### III. CONCLUSION

In accordance with the foregoing, Synergy and Jupiter's motion to dismiss is due to be denied, except as to Count VII of the complaint. Further, plaintiff shall be ordered to plead her fraud claim (Count I) with particularity. An appropriate order will be entered contemporaneously herewith.

DONE this 13th day of May, 2003.

_____
United States District Judge

---

[16] Complaint ¶ 14.

[17] Plaintiff's opposition to the motion to dismiss ¶ 9. Despite the passage of more than a year since the events giving rise to plaintiff's federal claim(s), she contends that those claims are still viable because she and defendant Washington Mutual Home Loans, Inc., "entered into a tolling agreement to extend the one (1) [year] statute [of limitations] while early settlement was, and continues to be[,] explored." The question that thus presents itself is whether the statute of limitations set forth in those federal statutes can be tolled in such a nature. Eleventh Circuit precedent suggests that they can, at least as to the TILA claim. *See Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 -08 (11th Cir. 1998) (holding that the one-year statute of limitations set forth in TILA is not jurisidictional in nature and, thus, is subject to equitable tolling [and, presumably, to tolling agreements, as well]); *see also Pedraza v. United Guaranty Corp.*, 114 F. Supp. 2d 1347, 1353 (S.D. Ga. 2000) (holding that RESPA is subject to equitable tolling).

[18] Such dismissal renders the arguments made in paragraph 7 of the motion to dismiss moot. In that paragraph, Synergy and Jupiter provide additional arguments why they cannot be held liable under TILA.